IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-505-D

| | | |
|---|---|---|
| FBA OPERATING CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ETN CAPITAL, LLC, d/b/a | ) | |
| BEECH LANE, LLC, | ) | |
| Defendant. | ) | |

On September 13, 2023, FBA Operating Company ("FBA" or "plaintiff") filed a complaint against ETN Capital, LLC, d/b/a Beech Lance ("ETN" or "defendant") alleging patent infringement [D.E. 1]. On September 27, 2023, FBA moved for a temporary restraining order ("TRO") [D.E. 8] and filed a memorandum, exhibits, and a declaration in support [D.E. 9, 9-1, 9-2, 10]. On September 30, 2023, ETN responded in opposition [D.E. 15] and filed two affidavits and numerous exhibits [D.E. 16, 17]. On October 2, 2023, ETN moved to dismiss the complaint for failure to state a claim [D.E. 18]. See Fed. R. Civ. P. 12(b)(6). On October 10, 2023, the court denied FBA's motion for a TRO [D.E. 23].

On November 6, 2023, FBA filed an amended complaint [D.E. 27]. On December 8, 2023, ETN moved to dismiss the amended complaint for failure to state a claim, moved for permission to manually file an exhibit, and moved for sanctions against FBA [D.E. 34, 35, 37]. See Fed. R. Civ. P. 12(b)(6), 11(b). ETN filed memoranda and exhibits in support [D.E. 36, 38]. On January 29, 2024, FBA responded in opposition to ETN's motions [D.E. 41, 42, 43]. On February 12, 2024, ETN replied [D.E. 44, 45, 46]. On March 1, 2024, the court granted ETN's motion to manually file an exhibit [D.E. 48]. On June 10, 2024, the court granted ETN's motion to dismiss

FBA's amended complaint, dismissed as moot ETN's first motion to dismiss, denied both parties' motions for sanctions and fees, and permitted FBA to file one more amended complaint [D.E. 51]. On June 27, 2024, FBA appealed [D.E. 52]. On August 30, 2024, the United States Court of Appeals for the Federal Circuit dismissed FBA's appeal [D.E. 57].

On September 30, 2024, FBA filed its second amended complaint against ETN [D.E. 60]. On October 11, 2024, ETN moved to dismiss the second amended complaint for failure to state a claim [D.E. 61] and filed a memorandum in support [D.E. 62]. On October 15, 2024, ETN moved in the alternative to stay proceedings pending the United States Patent and Trademark Office's ("PTO") grant of ETN's motion for inter partes review [D.E. 63] and filed a memorandum in support [D.E. 64]. On November 1, 2024, FBA responded in opposition to ETN's motion to dismiss for failure to state a claim [D.E. 65]. On November 5, 2024, FBA responded in opposition to ETN's motion to stay proceedings [D.E. 66]. On November 15, 2024, ETN replied to both FBA's response to ETN's motion to dismiss [D.E. 67] and FBA's response to ETN'S motion to stay proceedings [D.E. 68]. As explained below, the court grants ETN's motion to dismiss FBA's second amended complaint, dismisses FBA's second amended complaint, and denies as moot ETN's motion to stay proceedings.

I.

On January 12, 2021, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 10,890,925 B2 ("925 Patent") to FBA. See Second Am. Compl. [D.E. 60] ¶¶ 15, 17. The 925 Patent concerns a recreational vehicle leveling system. See id. at ¶ 15. By calculating and transmitting adjustment information, the system allows the end user to adjust the recreational vehicle's pitch and roll to balance the vehicle. See id. The 925 Patent contains 20 claims, three of which are independent, including Claim 1. See id. at ¶ 20.

ETN's Beech Lane brand sells the Beech Lane Wireless RV Leveling System ("BLS"). See id. at ¶¶ 2, 28. FBA alleges that the BLS competes with and practices at least one claim of the 925 Patent. See id. at ¶ 28. FBA also alleges that ETN did not obtain a license to practice the 925 Patent, and the continued development, testing, manufacture, promotion, and sale of the BLS infringes on the 925 Patent. See id. at ¶¶ 29–30, 38–39. Relying upon decompiled code from the BLS, FBA alleges that the BLS functions in substantially the same way as Claim 1(e) of the 925 Patent. See id. at ¶¶ 48–56. FBA alleges that ETN directly and indirectly infringes at least one claim of the 925 Patent. See id. at ¶¶ 30–56.

> In part, Claim 1(e) states:
>
> wherein the display device of the smart device is configured to display at least one image representative of the vehicle and showing the respective sections of the vehicle and to simultaneously display the height adjustment amount and corresponding adjustment direction of each adjustment pair adjacent to each respective section of the vehicle shown in the at least one image.

[D.E. 60-2] 4–5. Independent Claims 10 and 15 contain almost identical language. See [D.E. 62] 3–4. FBA alleges that the BLS includes a "smart device displaying the gathered adjustment heights and directions (each an 'adjustment pair' Claim 1, 10, and 15) on a display screen . . . . The device may show more than one adjustment pair on the display or may, bifurcate the display of each adjustment pair into different views on the smart device." Second Am. Compl. ¶ 34. FBA details its allegations of infringement in a claim chart. See [D.E. 60-2]. Specifically, FBA alleges that the BLS's mobile phone application is configured to display "at least one image representative of the vehicle, and simultaneously indicating to the user one or more adjustment amounts and adjustment directions so the user may make the adjustments to bring the vehicle to level." [D.E. 60-2] 4–5. FBA provides a side-by-side display of two "screenshots" of the BLS display; one showing the "simultaneous[] display [of] the height adjustment amount . . . and the adjustment direction . . . relating to the 'Roll' of the vehicle," and the next showing the "simultaneous[] display

3

[of] the height adjustment amount . . . and the adjustment direction . . . relating to the 'Pitch' of the vehicle." Id. at 5.

Alternatively, FBA alleges that even if "simultaneous display" requires all adjustment pairs' height and direction adjustments to be displayed simultaneously, the BLS directly infringes under the doctrine of equivalents. See id. FBA alleges that the BLS single-screen display has "toggle" buttons at the bottom of the screen to alternate between viewing the pitch and the roll adjustment information, and that this "split-screen" functionality satisfies the "simultaneous display" element of Claim 1(e). See id. FBA analogizes this "split-screen" functionality to "how an open book has two sides, both of which can display text simultaneously when the book is open." Id.

On October 10, 2023, the court denied FBA's motion for a TRO. See [D.E. 23]. In that order, the court performed an initial claim construction to determine the meaning of the claims and assessed whether FBA had shown that it was likely to succeed on the merits. See id. at 2–3. Based on ordinary meaning and grammar usage, the specification of the 925 Patent, and the limited prosecution history before the court, the court found that Claim 1(e) requires that "the mobile application simultaneously displays the height and direction adjustments for each adjustment pair, meaning more than one pair of adjustment height and direction." Id. at 6. The court held that FBA failed to demonstrate how the BLS simultaneously displayed more than one adjustment pair. See id. at 7.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S.

4

30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [its] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on judicial experience and common sense." Iqbal, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not suffice. Id.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to

dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

ETN moves to dismiss FBA's second amended complaint for failure to state a claim for which relief can be granted. See [D.E. 61]; Fed. R. Civ. P. 12(b)(6). ETN argues, as it did in opposing FBA's TRO motion and in its motion to dismiss FBA's first amended complaint, that all claims of the 925 Patent require simultaneous display of two or more adjustment pairs, and because the BLS only displays one adjustment pair at a time, FBA has not plausibly alleged infringement of the 925 Patent. See [D.E. 62] 9–19. ETN also argues that FBA's arguments about the BLS's data storage and the BLS's toggle button "are all intended to support the theory that the 'split-screen' functionality of the [BLS] is equivalent to the simultaneous display limitation." Id. at 16. ETN contends that the court previously rejected this same argument. See id.; [D.E. 51].

FBA responds that the BLS's toggle button, "by allowing a user to quickly toggle back and forth between the Roll Screen and the Pitch Screen by simply tapping the toggle button with their finger . . . . [the BLS] performs substantially the same function as limitation [1(e)] on claim 1 of the '925 Patent." [D.E. 65] 13. Moreover, FBA argues ETN "overstates the scope of the prosecution history estoppel and ignores the fact that the equivalent question . . . is only tangentially related to the amendment cited in the prosecution history of the '925 Patent." Id. at 18. FBA also repeats its argument that ETN's motion to dismiss relies on impermissible claim construction and argues that the Federal Circuit has cautioned against engaging in claim construction of disputed terms in resolving a motion to dismiss under Rule 12(b)(6). See [D.E. 65] 16–18.

6

ETN replies that FBA's second amended complaint rehashes arguments that the court rejected and that the court's previous claim construction defeats FBA's claims. See [D.E. 67] 1–4.

III.

The court has exhaustively explained the controlling precedents, the parties' arguments, FBA's proposed claim construction, and the court's claim construction for Claim 1(e). See [D.E. 51] 9–14. FBA's second amended complaint raises virtually identical claims and arguments as those in FBA's first amended complaint. Compare [D.E. 27] with [D.E. 60]. The court will not repeat its analysis and claim construction of Claim 1(e) but continues to believe that analysis and claim construction. See [D.E. 51] 1–17.

In its third attempt to state a claim, FBA largely repeats its failing arguments. First, FBA argues:

> The Accused Device performs substantially the same function as element 1e of claim 1 of the '925 Patent. As shown in the two screenshots below, the screenshot on the left having the "roll" toggle button selected (the "Roll Screen"), and the screenshot on the right having the "pitch" button selected (the "Pitch Screen"), the Accused Device performs the equivalent function of element 1e. Element 1e recites "configured to display at least one image representative of the vehicle and showing the respective sections of the vehicle and to simultaneously display the height adjustment amount and corresponding adjustment direction of each adjustment pair adjacent to each respective section of the vehicle shown in the at least one image." The Accused Device does this by allowing a user to quickly toggle back and forth between the Roll Screen and Pitch Screen by simply tapping the toggle button with their finger, which enables the user to adjust the roll and pitch of the vehicle at the same time, i.e. simultaneously. Therefore, the Accused Device performs substantially the same function as element 1e of claim 1 of the '925 Patent.

Second Am. Compl. ¶ 47. The court considered and rejected virtually the same argument. See [D.E. 51] 9–14. Nonetheless, FBA states its preferred claim construction in its second amended complaint. See Second Am. Compl. ¶ 40. FBA fails to provide any reason why the court should reconsider its previous claim construction. Thus, the court remains confident in its claim

7

construction of Claim 1(e). See [D.E. 23] 2–7; [D.E. 51] 10, 12–13. The court once again rejects FBA's construction of "simultaneously" as implausible and in conflict with both the plain meaning of Claim 1(e) and the court's previous claim construction. See [D.E. 23] 6; [D.E. 51] 10, 12–13.

FBA added few new factual assertions to its amended complaint. See, e.g., Second Am. Compl. ¶¶ 40, 48–56. FBA's novel allegations, however, serve only to bolster FBA's strained construction of Claim 1(e). For example, FBA includes dozens of lines of code extracted from the BLS to "demonstrate how the [BLS] calculates both pitch and roll in a single execution flow, logs, the results, and then updates shared preferences within the app accordingly." Id. at ¶¶ 47–56. Beyond conclusory statements, FBA fails to explain how the cited code supports its conclusion that the BLS processes both pitch and roll "in a single execution flow." See id. Moreover, whether the BLS's internal code processes pitch and roll at the same time, FBA cannot overcome the fact that the BLS does not display these values at the same time. Thus, the cited code fails to advance FBA's claims.

As for FBA's allegation of infringement under the doctrine of equivalents, FBA once again alleges a theory of infringement consistent with the court's plain reading of Claim 1(e), but the allegation is implausible in light of the undisputed facts of the infringing product. FBA alleges that the BLS single screen display has "toggle" buttons at the bottom of the screen to alternate between viewing the pitch and the roll adjustment information, and that this "split-screen" functionality satisfies the "simultaneous display" element of Claim 1(e). See [D.E. 60-2] 5. FBA analogizes this "split-screen" functionality to "how an open book has two sides, both of which can display text simultaneously when the book is open." Id. Thus, FBA argues that the BLS "allows a user to clearly see on a single screen an option to view both the 'Roll' and 'Pitch' . . . with the

8

Case 5:23-cv-00505-D-RN   Document 69   Filed 01/17/25   Page 8 of 10

black buttons at the bottom," of the display screen, which is equivalent to simultaneously displaying all adjustment pairs. [D.E. 65] 22 (emphasis added).

FBA made this precise argument in its response to ETN's motion to dismiss FBA's first amended complaint. See [D.E. 41] 13. The court rejected it. See [D.E. 51] 14. The argument has not improved with age.

Once again, the court rejects FBA's implausible allegation. The toggle function of the BLS display screen does not match the "function, way, and result of the claimed element." Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 40 (1997). It does not allow a user to see at the same time both the pitch and roll adjustment pairs. It allows a user to see on a single screen either the pitch or roll adjustment pair. The commonsense function and result of a simultaneous display in this context avoids the need to switch between two potential displays. A toggle function between two separate screens is not a plausible equivalent to simultaneous display. Unlike an open book, where the reader can see two pages at the same time, a toggle function allows a reader to see one page at a time. FBA's theory of infringement under the doctrine of equivalents would "entirely vitiate a particular claim element." Warner-Jenkinson, 520 U.S. at 39 n.8.

FBA fails to plausibly allege either direct literal infringement or direct infringement under the doctrine of equivalents. Absent a viable claim for direct infringement, a claim for indirect infringement fails. See Limelight Networks, Inc. v. Akamai Techs., Inc., 572 U.S. 915, 920–21 (2014). Accordingly, the court grants ETN's motion to dismiss.

The court provided FBA a final opportunity to amend its complaint because the court did "not know whether FBA failed to articulate a plausible alternative construction because it has none or because it erroneously believed that the Federal Circuit standard protected it from Twombly and Iqbal." [D.E. 51] 14–15. In turn, FBA filed a nearly identical complaint, reasserting its failed

9

construction of Claim 1(e) and adding only vague gestures to lines of ultimately irrelevant code. The court now knows why FBA failed to articulate a plausible alternative construction. It does not have one. Enough is enough. The court grants ETN's motion to dismiss and dismisses with prejudice FBA's second amended complaint.

IV.

In sum, the court GRANTS defendant's motion to dismiss plaintiff's second amended complaint [D.E. 61], DISMISSES as moot defendant's motion to stay proceedings [D.E. 63], and DISMISSES WITH PREJUDICE plaintiff's second amended complaint [D.E. 60]. The clerk shall close the case.

SO ORDERED. This 17 day of January, 2025.

JAMES C. DEVER III
United States District Judge